**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILHELM I. WADE, SE'MONE M. WADE, and TIRAE L. DOTSON,** | ) ) ) | |
| **Plaintiffs,** | ) ) | Case No. 16 C 9022 |
| **v.** | ) ) | Judge Rebecca R. |
| **IVAN I. RAMOS, SALVATORE REINA, JOHN W. FRANO, MARVIN J. BONNSTETTER, KEVIN GARCIA, MICHAEL A. NAPOLI , VITO P. RAIMONDI, TONIA M. MORIN, JOSEPH M. ROMAN, JENNIFER L. TERZICH, LAWRENCE O. STUCKERT, SANTOS T. REYES, JR., and CITY OF CHICAGO,** | ) ) ) ) ) ) ) ) ) ) | Pallmeyer

Magistrate Judge Susan E. Cox |
| **Defendants.** | ) ) | |

## FIRST AMENDED CIVIL RIGHTS COMPLAINT

Plaintiffs, WILHELM I. WADE, SE'MONE M. WADE, and TIRAE L. DOTSON, by and through their attorney, Irene. K. Dymkar, complaining against defendants IVAN I. RAMOS, SALVATORE REINA, JOHN W. FRANO, MARVIN J. BONNSTETTER, KEVIN GARCIA, MICHAEL A. NAPOLI, VITO P. RAIMONDI, TONIA M. MORIN, JOSEPH M. ROMAN, JENNIFER L. TERZICH, LAWRENCE O. STUCKERT, SANTOS T. REYES, JR., and CITY OF CHICAGO, state as follows:

## NATURE OF CLAIM

1.      This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2.      Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

1

3.      Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this jurisdiction.

## PARTIES

4.      At all times herein mentioned, plaintiffs, WILHELM I. WADE, SE'MONE M. WADE, and TIRAE L. DOTSON, were and are citizens of the United States and reside within the jurisdiction of the court.

5.      At all times herein mentioned, defendants  IVAN I. RAMOS (hereinafter "RAMOS"), SALVATORE REINA (hereinafter "REINA"), JOHN W. FRANO (hereinafter "FRANO"), MARVIN J. BONNSTETTER (hereinafter "BONNSTETTER"), KEVIN GARCIA (hereinafter "GARCIA"), MICHAEL A. NAPOLI (hereinafter "NAPOLI"), VITO P. RAIMONDI (hereinafter "RAIMONDI"), TONIA M. MORIN (hereinafter "MORIN"), JOSEPH M. ROMAN (hereinafter "ROMAN"), JENNIFER L. TERZICH (hereinafter "TERZICH"), LAWRENCE O. STUCKERT (hereinafter "STUCKERT"), SANTOS T. REYES, JR. (hereinafter "REYES"), were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the CITY OF CHICAGO, Illinois.  Said defendants are being sued in their individual capacity.

6.      Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

7.      Defendant CITY OF CHICAGO had and has express and implied policies and procedures, and customs and practices so persistent and well-settled so as to be *de facto* official policies and procedures, which not only caused but were the moving force behind the deprivation of constitutional rights set forth herein.  Defendant CITY OF CHICAGO thus is being sued for direct municipal liability under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978).

## STATEMENT OF FACTS

8.　　At all times mentioned herein, plaintiffs, WILHELM I. WADE and his daughter, SE'MONE M. WADE, lived at 4131 W. Crystal St., 2nd Floor, in Chicago, Illinois.

9.　　On September 16, 2015, plaintiff, TIRAE L. DOTSON, was visiting the apartment at 4131 W. Crystal St., 2nd Floor, in Chicago, Illinois.

10.　　WILHELM I. WADE left the apartment briefly to pick up SE'MONE M. WADE, from the nearby Chicago Transit Authority green line station.

11.　　While WILHELM I. WADE was on his way to pick up SE'MONE M. WADE, TIRAE L. DOTSON was on the back porch of 4131 W. Crystal St., 2nd Floor, waiting for them to return.

12.　　Defendant Chicago police officers RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES, arrived at 4131 W. Crystal St., 2nd Floor, in Chicago, Illinois, with a warrant to search a Terrell Johnson and the premises located at 4131 W. Crystal St., 2nd Floor, in Chicago, Illinois, and to seize drugs and drug paraphernalia.

13.　　Terrell Johnson did not live at 4131 W. Crystal St., 2nd Floor.

14.　　The search warrant appears to have been obtained by appearing in front of a criminal court judge with a so-called "John Doe" informant.

15.　　Defendants RAMOS, and the officers assisting him, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES, knew that the informant was unreliable and that his information about criminal activity was unreliable and had not been corroborated through an independent police investigation.

16.　　The complaint in support of the warrant does not sufficient support a claim of probable cause and does not allege sufficient facts to support the reliability of the "John Doe" witness.

17. The warrant lacks particularity and contains the wrong description of the property.

18. Defendants RAMOS, and the officers assisting him, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES, knew that the information presented to the judge was not true, had not been verified or corroborated, and could not be verified or corroborated.

19. Defendants RAMOS, and the officers assisting him, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES, intentionally presented false information to the judge in order to obtain the search warrant and it was in reliance on that false information that the judge signed the warrant.

20. Defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES failed to knock and wait a reasonable amount of time for a response before they forced their way through the door of 4131 W. Crystal St., 2nd Floor, and illegally entered the home.

21. Defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES illegally searched the home, leaving the home in total disarray and damaging many personal items belonging to plaintiffs, WILHELM I. WADE and SE'MONE M. WADE.

22. While defendants were searching the apartment, they detained plaintiff, TIRAE L. DOTSON, and he was not free to leave the premises.

23. When plaintiffs WILHELM I. WADE and SE'MONE M. WADE returned home, defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES were still illegally searching the apartment, and plaintiffs were detained in that they were prevented from entering their home.

4

24.     Defendant REINA was the supervising sergeant of this search and as such, he himself committed unconstitutional acts and also approved, condoned, or turned a blind eye to the unconstitutional conduct of the officers he was supervising at the Wade home.

25.     It was or should have been obvious to defendants that they were at the wrong apartment, yet they failed to abandon their search and, in fact, took the time to turn on the television at the Wade home to watch the Cubs game.

26.     No drugs or drug paraphernalia were recovered from 4131 W. Crystal St., 2nd Floor, in Chicago, Illinois.

27.     Simultaneously with searching the apartment at 4131 W. Crystal St., 2nd Floor, defendants were searching the apartment at 4131 W. Crystal St., 1st Floor, presumably without a warrant.

28.     Defendants claimed they found illegal drugs in the first floor aparatment.

29.     Despite having found no contraband in the second floor apartment or on TIRAE L. DOTSON, defendants placed DOTSON under arrest.

30.     False felony drug charges were placed against TIRAE L. DOTSON, and he was detained, and maliciously prosecuted.

31.     TIRAE L. DOTSON was incarcerated for approximately one month, before the court made a finding of no probable cause on October 13, 2015, dismissed the case, and released TIRAE L. DOTSON.

32.     By reason of the acts and omissions of the defendant police officers and the policies described above and widespread practice of the CITY OF CHICAGO described below, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

33.     The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

5

34.     The constitutional violations set forth above were committed pursuant to the unconstitutional policies and practices of defendant CITY OF CHICAGO.  There were express policies and implied policies and widespread practices so prevalent as to comprise municipal policy that caused the constitutional violations.  These express policies and implied policies and widespread practices were the moving force behind the constitutional violations.

35.     As a matter of both policy and practice, the CITY OF CHICAGO directly encouraged, and thereby was the moving force behind, the constitutional violations at issue here by failing to adequately train, supervise, and control its employees.

36.     As a matter of both policy and practice, the CITY OF CHICAGO facilitated the very type of misconduct at issue here by failing to adequately supervise and hold accountable its employees, thereby leading them to believe that their actions will never be scrutinized and, in that way, directly encouraged continuing abuses such as those which affected plaintiff.

37.     By reason of the above-described acts and omissions of the defendant police officers, and the policies and widespread practices of defendant CITY OF CHICAGO, plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

**COUNT I**
**Plaintiffs WILHELM I. WADE and SE'MONE M. WADE Against Defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES for Unconstitutional Entry and Search of Home with an Invalid Warrant**

38.     Plaintiffs WILHELM I. WADE and SE'MONE M. WADE incorporate and reallege paragraphs 1-37, as though set forth herein in their entirety.

39.     Defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES illegally entered the home of plaintiffs WILHELM WADE and SE'MONE WADE at 4131 W. Crystal St., 2nd Floor,

in Chicago, Illinois on September 16, 2015, without a valid warrant for the home, without permission, and without probable cause, thus invading and violating plaintiffs' security and privacy.

40      The complaint in support of the warrant relied on by defendants does not sufficient support a claim of probable cause and does not allege sufficient facts to support the reliability of the "John Doe" witness.

41.      The warrant issued in this case lacks particularity and contains the wrong description of the property.

42.      By reason of the conduct of defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES, plaintiffs WILHELM I. WADE, SE'MONE M. WADE were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT II**
**Plaintiffs WILHELM I. WADE and SE'MONE M. WADE Against Defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES for Procuring a Search Warrant Through Misrepresentation and Intentional Omission**

43.      Plaintiffs WILHELM I. WADE and SE'MONE M. WADE incorporate and reallege paragraphs 1-37, as though set forth herein in their entirety.

44.      Defendants RAMOS, with the assistance of other officers, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES, procured a search warrant from the criminal court judge for 4131 W. Crystal Street, 2nd Floor, in Chicago, Illinois, knowing that the so-called "John Doe" informant was unreliable and that his information about the location and alleged criminal activity was unreliable and had not been corroborated through an independent police investigation.

45. Defendant RAMOS, with the assistance of other officers, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES, procured a search warrant from the criminal court judge, knowing that the information presented to the judge was not true, had not been verified or corroborated, and could not be verified or corroborated.

46. Defendant RAMOS, with the assistance of other officers, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES, intentionally presented false, misleading, and incomplete information to the judge in order to obtain the search warrant, and it was because of that false, misleading, and incomplete information that the judge signed the warrant.

46. By reason of the conduct of defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES, plaintiffs WILHELM I. WADE, SE'MONE M. WADE were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT III**
**Plaintiffs WILHELM I. WADE and SE'MONE M. WADE Against Defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES for Not Abandoning an Unconstitutional Search of Home**

47. Plaintiffs WILHELM I. WADE and SE'MONE M. WADE incorporate and reallege paragraphs 1-37, as though set forth herein in their entirety.

48. Defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES illegally searched the home of plaintiffs WILHELM WADE and SE'MONE WADE at 4131 W. Crystal St., 2nd floor, in Chicago, Illinois, on September 16, 2015, without a valid warrant for the home, without

permission, and without legal cause, thus invading and violating plaintiffs' security and privacy.

49.     Even when they determined that the apartment they were searching was not the right apartment, defendants failed to abandon their search.

50.     By reason of the conduct of defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES, plaintiffs WILHELM I. WADE and SE'MONE M. WADE were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT IV**
**Plaintiff, TIRAE L. DOTSON, Against Defendants RAMOS, REINA, FRANO,**
**BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH,**
**STUCKERT, and REYES for False Arrest**

51     Plaintiff, TIRAE L. DOTSON, incorporates and realleges paragraphs 1-37, as though set forth herein in their entirety.

52.     TIRAE L. DOTSON, was falsely arrested on September 16, 2015, without an arrest warrant and without probable cause.

53.     The seizure, arrest, and incarceration of plaintiff, TIRAE L. DOTSON for the purpose of charging him with false crimes was without probable cause and unreasonable.

54.     By reason of the conduct of defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES, plaintiff, TIRAE L. DOTSON, was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiff, TIRAE L. DOTSON, pursuant to 42 U.S.C. §1983.

**COUNT V**
**Plaintiff, TIRAE L. DOTSON, Against Defendants RAMOS REINA, FRANO,**
**BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH,**
**STUCKERT, and REYES for False Detention, Incarceration, and Malicious Prosecution**

55.     Plaintiff, TIRAE L. DOTSON, incorporates and realleges paragraphs 1-37, as though set forth herein in their entirety.

56.     Defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES maliciously caused criminal charges to be filed and prosecuted against plaintiff, TIRAE L. DOTSON.

57.     There was no probable cause for the institution of criminal charges against plaintiff, TIRAE L. DOTSON.

58.     There was no probable cause for the continuation of the prosecution of plaintiff, TIRAE L. DOTSON.

59.     Plaintiff, TIRAE L. DOTSON, was wrongfully incarcerated for one month as a direct result of defendants' actions.

60.     After several court dates, plaintiff, TIRAE L. DOTSON's case was dismissed after a finding of no probable cause to arrest.

61.     By reason of the conduct of defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES, plaintiff, TIRAE L. DOTSON, was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder, as well as the laws of the State of Illinois. Therefore, defendants are liable to plaintiff, TIRAE L. DOTSON pursuant to 42 U.S.C. §1983 and the laws of the State of Illinois.

62.     Defendant CITY OF CHICAGO is liable to plaintiff, TIRAE L. DOTSON, pursuant to the doctrine of *respondeat superior.*

**COUNT VI**
**Plaintiffs WILHELM I. WADE and SE'MONE M. WADE Against Defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES for Illegal Detention**

63.     Plaintiffs WILHELM I. WADE and SE'MONE M. WADE incorporate and reallege paragraphs 1-37, as though set forth herein in their entirety.

64.     Plaintiffs were illegally detained by defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES, and not allowed into their home.

65.     The detention was unconstitutional at its inception and unconstitutional in its scope. The length of the detention and the circumstances of the detention were not reasonable.

66.     By reason of the conduct of defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES, plaintiffs WILHELM I. WADE, SE'MONE M. WADE were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT VII**
**Plaintiffs WILHELM I. WADE and SE'MONE M. WADE Against Defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES for Failure to Intervene**

67.     Plaintiffs WILHELM I. WADE and SE'MONE M. WADE incorporate and reallege paragraphs 1-37, as though set forth herein in their entirety.

68.     Defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES, were present when police officers unconstitutionally entered the Wade home, falsely procured a search warrant, continued an unconstitutional search, falsely arrested plaintiff TIRAE L. DOTSON, and illegally detained plaintiffs WILHELM I. WADE and SE'MONE M. WADE.

11

69.     Defendants had reason to know that the actions described in paragraph 68 were unconstitutional.

70.     Defendants had a reasonable opportunity to prevent said abuse and injury from occurring but did not do so.

71.     Defendants thus are liable in Counts I, II, III, IV, V, and VI both because of their direct actions and because they failed to intervene to prevent the unconstitutional actions of others.

72.     By reason of the conduct of defendants, plaintiffs, WILHELM I. WADE and SE'MONE M. WADE, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. § 1983.

**COUNT VIII**
**Plaintiffs, WILHELM I. WADE, SE'MONE M. WADE, and TIRAE L. DOTSON, Against Defendant REINA for Supervisory Liability**

73.     Plaintiffs, WILHELM I. WADE, SE'MONE M. WADE, and TIRAE L. DOTSON, incorporate and reallege paragraphs 1-37, as though set forth herein in their entirety.

74.     Defendant REINA was a supervisory officer had the authority to abandon the search of plaintiff's home, but instead approved, condoned, or turned a blind eye to unconstitutional conduct at plaintiffs' home and to the illegal detention and arrest of plaintiffs. He is therefore liable as a supervisor.

75.     By reason of the conduct of defendant REINA, plaintiffs, WILHELM I. WADE, SE'MONE M. WADE, and TIRAE L. DOTSON, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant REINA is liable to plaintiffs pursuant to 42 U.S.C. §1983.

12

**COUNT IX**
**Plaintiffs, WILHELM I. WADE, SE'MONE M. WADE, and TIRAE L. DOTSON Against**
**Defendant CITY OF CHICAGO for *Monell* Claim**

76.     Plaintiffs, WILHELM I. WADE, SE'MONE M. WADE, and TIRAE L.

DOTSON, incorporate and reallege paragraphs 1-74 as though set forth herein in their entirety.

77.     The misconduct described paragraphs 1 - 74 was undertaken pursuant to the

policy and widespread practice of the Chicago Police Department in that:

     a.    By use of an express policy of the Chicago Police Department, officers falsely obtain so-called "John Doe" warrants without verifying the reliability of the informants and/or the reliability of their information.

     b.    Chicago Police Department Special Order 07-06, effective June 2, 2007, was intentionally drafted to include a classification of police informant described as a "John Doe" Informant.  This express policy, and the actions made permissible by said policy, allow the use of a so-called "John Doe" Informant without police officers knowing the name, address, or telephone number of the informant and without keeping any records or files of the informant or his/her track record for providing reliable and accurate information regarding criminal activity.

     c.    The actions implicitly allowed by this express policy include, but are not limited to the following:

        -   There is no requirement for an officer to make or keep any records of the identity or reliability of the "John Doe" Informant.

        -   There is no requirement that the reliability and credibility of the "John Doe" Informant be vetted.

        -   There is no requirement that the "John Doe" Informant have a track record of providing truthful information in the past.

        -   There is no requirement that the officer even know the true identity of the "John Doe" Informant, or have any contact information for the "John Doe" Informant.

        -   There is no requirement that the "John Doe's" recitation of and information about criminal activity at a residence be independently corroborated.

        -   There is no requirement for an officer to make or keep any records of any attempts to corroborate any information about criminal activity at a residence.

        -   There is no requirement that the officer verify that the "John Doe" Informant had in fact ever been to the target residence or had ever met the person targeted in the warrant.

13

- There is no requirement that the officer verify that the alleged target lived at, frequented, or even had ever been at the targeted residence.

d.      A large percentage of all warrants obtained by the Chicago Police Department are obtained with "John Doe" Informants.

e.      As a matter of implied policy and widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department illegally enter and search homes without a warrant, falsely obtain so-called "John Doe" warrants without verifying the reliability of the informants and the reliability of their information, misrepresent information to magistrates in order to obtain warrants, fail to document police activity in reports which may be questioned in order to avoid scrutiny and accountability, and illegally seize and detain citizens in a manner similar to that alleged by plaintiffs in Counts I - VII on a frequent basis.

f.      As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby is the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

g.      As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

h.      There is no oversight to the training of officers regarding search warrants and the training is inadequate:

- An officer is not required to know a "John Doe" Informant's real name, is not required to know the informant for any particular length of time, and is not required to know anything about the informant, including the informant's criminal record.

- A "John Doe" Informant does not have to have a track record of giving reliable information and does not ever have to have given any information at all in the past.

- A"John Doe" Informant may be under the influence of narcotics when giving the officer the information and also when appearing before the judge.
- An officer does not have to determine if the target for the warrant is linked to the address of the target  residence.

- There is no requirement that there be any sort of surveillance or other independent investigation to corroborate any criminal activity.  The officer and the "John Doe" Informant driving past a building with the "John Doe" saying, "That's where I bought the drugs" itself is sufficient corroboration of criminal activity in the building.

14

- The burden is on the judge signing the warrant to determine the credibility of the "John Doe" Informant," thus absolving a police officer from having the responsibility to determine the credibility of the informant.

i. The Chicago Police Department does not have a supervisory system in

place that can monitor the use of "John Doe" Informants, in that:

- Since there are no files kept of "John Doe" Informants, there is no one keeping track of the number of "John Doe" warrants or the success rate of the execution of those warrants.

- Because the identity and address of the "John Doe" Informant are not known, no one keeps track of how many times the same informant has been used, successfully or not, either by the same officer, or by other officers in the Chicago Police Department.

- With no file and no documentation, there is no way a supervisor can discipline an officer and hold that officer accountable.

- With no requirement that an officer know who a "John Doe" is, or anything about the informant, an officer cannot be reprimanded that he or she did not properly vet the informant.

- With no requirement that the criminal activity reported actually took place, other than by a drive-by statement by the informant that that is the place where I bought my drugs, an officer cannot be reprimanded that he or she did not properly corroborate the existence of criminal activity.

j. The CITY OF CHICAGO has failed to have an effective disciplinary system in effect that investigates police misconduct in the procurement of a warrant. In part, plaintiffs contend:

- The investigation of the Bureau of Internal Affairs of a complaint extends only to what happens during the execution of a warrant, not to what happens in the obtaining of a warrant.

- Officers are not questioned by Internal Affairs about the identity or reliability of a "John Doe" Informant, or the circumstances in obtaining the warrant.

- Because no file is kept, Internal Affairs has no file to look at.

- Officers at large are never told about pending investigations or the number of complaints brought against police officers in regard to search warrants. Officers only find out about a complaint when there is a finding of "sustained." Therefore, there is little deterrence.

k. The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in Counts I - VII, despite actual knowledge of same, thereby causing the types of injuries alleged here.

15

78.     The policies and practices listed above were the moving force behind the constitutional violations alleged by plaintiff herein.  Enabling police officers to use "John Doe" Informants without any constitutional safeguards, with no reporting requirements, with no supervision or oversight, with inadequate training, and with no disciplinary consequences allowed the individual defendant officers in this action to act with impunity in entering and searching plaintiff's home and later arresting plaintiff, with no fear that their actions would be scrutinized or that there would be any accountability.

79.     By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs, WILHELM I. WADE, SE'MONE M. WADE, and TIRAE L. DOTSON, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.


WHEREFORE, plaintiffs, WILHELM I. WADE, SE'MONE M. WADE, and TIRAE L. DOTSON, request judgment as follows against defendants, RAMOS, REINA, FRANO, BONNSTETTER, GARCIA, NAPOLI, RAIMONDI, MORIN, ROMAN, TERZICH, STUCKERT, and REYES and CITY OF CHICAGO in the claims set forth above, and specifically:

A.     That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

B.     That defendants be required to pay plaintiffs special damages, in a sum to be ascertained at a trial of this matter,

C.     That defendants, except CITY OF CHICAGO, be required to pay plaintiffs punitive damages in a sum to be ascertained at a trial of this matter,

D.     That a declaratory judgment be issued declaring the Chicago Police Department policies, procedures, and practices complained of herein to be unconstitutional,

E.     That defendants be required to pay plaintiffs' attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

16

F.      That defendants be required to pay plaintiffs' costs of the suit herein incurred, and

G.      That plaintiffs be granted such other and further relief as this Court may deem just and proper.

**Plaintiffs hereby request A TRIAL BY JURY.**

Dated: December 19, 2016                           /s/ Irene K. Dymkar
                                                    Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiffs
53 W. Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123

## <u>CERTIFICATE OF SERVICE</u>

  I, Irene K. Dymkar, an attorney, certify that on the 22nd day of December, 2016, a copy of this FIRST AMENDED CIVIL RIGHTS COMPLAINT was served upon the attorneys for defendants named below through the Court's electronic filing system:

<table>
<tr>
<td>Elaine C. Davenport<br>Sanchez Daniels & Hoffman, LLP<br>333 West Wacker, Suite #500<br>Chicago, Illinois 60606</td>
<td>Nikoleta Lamprinakos<br>Jorge F. Rovelo<br>Stephen R. Miller<br>Robbins Schwartz<br>55 W. Monroe St., Suite 800<br>Chicago, Illinois 60603</td>
</tr>
</table>

Dated: December 22, 2016    /s/ Daniel H. Regenscheit

             Daniel H. Regenscheit

18