# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WILHELM I. WADE, SE'MONE M. WADE, and TIRAE L. DOTSON, | ) ) ) | |
| Plaintiffs, | ) ) | No. 16 CV 9022 |
| vs. | ) ) | Judge Pallmeyer |
| IVAN I. RAMOS, SALVATORE REINA, JOHN W. FRANO, MARVIN J. BONNSTETTER, KEVIN GARCIA, MICHAEL A. NAPOLI, VITO P. RAIMONDI, TONIA M. MORIN, JOSEPH M. ROMAN, JENNIFER L. TERZICH, LAWRENCE O. STUCKERT, SANTOS T. REYES, JR. and CITY OF CHICAGO | ) ) ) ) ) ) ) ) ) | Magistrate Judge Cox **JURY DEMAND** |
| Defendants. | ) | |

**DEFENDANTS' SGT. SALVATORE REINA, PO IVAN RAMOS, PO JOHN FRANO, PO MARVIN BONNSTETTER, PO KEVIN GARCIA, PO MICHAEL NAPOLI, PO VITO RAIMONDI, PO TONIA MORIN, PO JOSEPH ROMAN, PO JENNIFER TERZICH, PO LAWRENCE STUCKERT, PO SANTOS REYES, JR.'S
MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P.56(b)**

NOW COME the Defendants, **SGT. REINA; PO RAMOS; PO FRANO; PO BONNSTETTER; PO GARCIA; PO NAPOLI; PO RAIMONDI; PO MORIN; PO ROMAN; PO TERZICH; PO STUCKERT;** and **PO REYES, JR,** by and through their attorneys **SANCHEZ DANIELS & HOFFMAN, LLP,** hereby submit the following Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56(b):

1. Plaintiffs filed an Amended Complaint against, *inter alia*, Defendants Sgt. Salvatore Reina, Sgt. Ivan Ramos (formerly P.O. as of the time of initial pleadings), PO John Frano, PO Marvin Bonnstetter, PO Kevin Garcia, PO Michael Napoli, PO Vito Raimondi, PO Tonia Morin, PO Joseph Roman, PO Jennifer Terzich, PO Lawrence Stuckert, and PO Santos Reyes, Jr., [hereinafter collectively referred to as "Defendants"] alleging that Plaintiffs'

Constitutional rights were violated on September 16, 2015 under 42 U.S.C. 1983. *Dkt.#61*. The complaint raises seven (7) counts against the Defendants: (I) Unconstitutional Entry and Search of Home with an Invalid Warrant; (II) Procurement of a Search Warrant through Misrepresentation and Intentional Omission; (III) Failure to Abandon an Unconstitutional Search of Home; (IV) False Arrest; (V) False Detention, Incarceration, and Malicious Prosecution; (VI) Illegal Detention; (VII) Failure to Intervene; and as to Defendant Sgt. Reina, (VIII) Supervisory Liability. *See Dkt. #61*.

2. Defendants have answered the complaint denying all material allegations of wrongdoing and have raised certain affirmative defenses, including that of Qualified Immunity. *Dkt #63-68, 71-75*.

3. Summary judgment is appropriate in favor of Defendants as to Counts I through VIII as there are no issues of material fact precluding judgment. Fed.R.Civ.P. 56(c), Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

4. Summary Judgment is warranted as to Count I (Unconstitutional Entry and Search of Home with an Invalid Warrant) as to all defendants since the facts demonstrate that entry into the home was proper as the search warrant was valid, both on its face as well as its being based on sufficiently reliable information supporting probable cause. *United States v. Peck,* 317 F.3d 754, 756 (7th Cir. 2003); *United States v. Glover,* 755 F.3d 811, 816 (7th Cir. 2014); *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Increased reliable supporting probable cause is present since the J.Doe averred to facts against his own penal interests. *United States v. Johnson*, 289 F3d. 1034, 1036 (7th Cir. 2002); *United States v. Carmichael*, 489 F.2d 983, 987 (7th Cir. 1973).

5. Summary Judgment is warranted as to Count II (Procurement of Searched Warrant through Intentional Misrepresentation and/or Intentional Omissions) in favor of all Defendants since the record is devoid of any evidentiary support that Sgt. Ramos (Affiant)

2

procedure the search warrant by making intentional misrepresentations or intentional omissions to Judge Ursula Walowski during her vetting of the J.Doe. In addition to a lack of any misrepresentations and/or omissions, Plaintiffs cannot demonstrate that any misrepresentation/omission would have affected the decision making process of the vetting Judge. *Suarez v. town of Ogden Dunes, Ind.*, 581 F.3d 591, 596 (7th Cir. 2009), *Molina v. Cooper*, 325 F.3d 963, 971 (7th Cir. 2003); *Beauchamp v. City of Noblesville*, 320 F.3d 733, 742 (7th Cir. 2003).

6. Summary Judgment is further warranted as to Counts I and II in favor of Defendants Sgt. Reina, PO Frano, PO Bonnstetter, PO Garcia, PO Napoli, PO Raimondi, PO Morin, PO Roman, PO Terzich, PO Stuckert, and PO Reyes, Jr. as they were not personally involved in any of the acts relating to the procurement of the search warrant at issue. *Johnson v. Snyder*, 444 F.3d 579, 583-584 (7th Cir. 2006) *citing Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *see also* Martin v. Tyson, 845 f.2d 1451, 1455 (7th Cir. 1988) *cert denied* 488 U.S. 863 (1988)(liability precluded under 1983 if no personal involvement); *Eades v. Thompson*, 823 f.2d 1055, 1063 (7th Cir. 1987) (each defendant can only be liable for their own personal actions, not for recklessness or actions on the part of other defendants); *Wolf-Lille v. Sonquist*, 699 f.2d 864 (7th Cir. 1983) (1983 is based on personal liability predicated on individual fault. A defendant cannot be liable under 1983 unless he caused or participated in the alleged constitutional deprivation).

7. Summary Judgment is warranted as to Count III (Failure to Abandon Search Warrant) in favor of all Defendants as to there were no grounds that required the abandonment of the search warrant. The officers undoubtedly entered the correct unit as identified on the search warrant, and no developments occurred after the start of the search that would have indicated that the officers were in the wrong unit. Plaintiff has failed to articulate any reason why the warrant

should have been abandoned, and no facts have been developed in discovery that support the contention that the execution of the warrant was required to be aborted. *See generally Horne v. Wheeler,* 2005 WL 2171151, *14 (N.D. Ill Sept. 6, 2005).

8. Summary Judgment is warranted as to Counts IV (False Arrest of Dotson) and V (Malicious Prosecution of Dotson) as to Defendants Sgt. Reina, PO Frano, PO Garcia, PO Napoli, PO Raimondi, PO Morin, PO Roman, PO Terzich, PO Stuckert, PO Reyes, Jr. as these Defendants had no personal involvement in the arrest or prosecution of Tirae Dotson for possession of cocaine. *Johnson v. Snyder*, 444 F.3d 579, 583-584 (7th Cir. 2006) *citing Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *see also* Martin v. Tyson, 845 f.2d 1451, 1455 (7th Cir. 1988) *cert denied* 488 U.S. 863 (1988)(liability precluded under 1983 if no personal involvement); *Eades v. Thompson*, 823 f.2d 1055, 1063 (7th Cir. 1987) (each defendant can only be liable for their own personal actions, not for recklessness or actions on the part of other defendants); *Wolf-Lille v. Sonquist*, 699 f.2d 864 (7th Cir. 1983) (1983 is based on personal liability predicated on individual fault).

9. Summary Judgment is warranted as to Count VI (Improper Detention) as to all Defendants as any detention of any of the Plaintiffs was proper as officers have the authority to detain during the execution of a search warrant. Michigan v. Summers, 452 U.S. 692 (1981). The duration of the detainment was not unreasonable in that it lasted less than two hours and thirty eight minutes. *See Los Angeles County v. Retelle*, 550 U.S. 609, 614 (2007).

10. Summary Judgment is warranted as to Count VII (Failure to Intervene) on Counts I-III, and VI as to all Defendants as there was no constitutional violation as set forth *supra,* triggering a duty to intervene. *Chavez v. Ill. State Police,* 251 F.3d 612, 652 (7th Cir.2001); *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir.1994). Even if, *arguendo*, there were a constitutional

violation, Plaintiff is unable to demonstrate that the Defendants had knowledge of that violation and/or that they had any opportunity to intervene as to those purported violations. *Id.*

11. Summary Judgment is warranted as to Count VII (Failure to Intervene) as it relates to Counts II (False Arrest) and III (Malicious Prosecution) in favor of Defendants Sgt. Reina, PO Frano, PO Garcia, PO Napoli, PO Raimondi, PO Morin, PO Roman, PO Terzich, PO Stuckert, PO Reyes, Jr. as Plaintiff has failed to demonstrate that these Defendants were aware of any constitutional violations, nor did any of these Defendants have the opportunity to intervene.

12. Summary Judgment is warranted as to Count VIII as to Defendant Sgt. Salvatore Reina since there were no constitutional violations on any of the Counts I through VI, as set forth *supra,* that would render Sgt. Reina liable for the acts/omissions of his subordinates. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 1995). Even if, *arguendo*, there were a constitutional violation, Sgt. Reina did not have any personal involvement in the conduct, in that he did not condone the conduct, approve it, or turn a blind eye to it. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 1995).

13. Defendants are further shielded from liability under the defense of Qualified Immunity as to Counts I, II, III, and VI as the Defendants did not violate any of Plaintiff's constitutional rights, and furthermore, even if there were a violation of a constitutional right, the right was not clearly established by law at the time of the execution of the search warrant. *Stinson v. Gauger,* 2015 WL 5011961, *7 (7th Cir. 2015); *Anderson v.* Creighton, 483 U.S. 635, 640 (1987); *see also Malley v. Briggs*, 475 U.S. 335, 341 (1986). As it relates specifically to the search warrant and all acts in furtherance of its execution, the Court has not previously held a materially similar affidavit under facts that were indistinguishable from those presented in this case, and as such qualified immunity is an afforded protection. *Koerth,* 312 F.3d at 869 *quoting Malley*, 475 U.S. at 345; *see also Junkert v. Massey*, 610 F.3d 364, 369 (7th Cir. 2010). Any and

all acts in furtherance of the facially valid search warrant warrant protection under Qualified Immunity. *King v. Avila*, 760 F. Supp 681, 685 (N.D. Ill 1989).

14. For the reasons set forth above, as well as for the reasons set forth in Defendants' Memorandum of Law in Support of its Motion for Summary Judgment and Defendants Statement of Material Facts, both of which is expressly incorporated herein by reference, judgment is warranted as a matter of law as to all Counts in favor of all Defendants.

WHEREFORE, Defendants **SGT. REINA; PO RAMOS; PO FRANO; PO BONNSTETTER; PO GARCIA; PO NAPOLI; PO RAIMONDI; PO MORIN; PO ROMAN; PO TERZICH; PO STUCKERT;** and **PO REYES, JR** respectfully request an order in their favor granting summary judgment as follows:

1. Counts to Counts I-III, and VI as to all Defendants;
2. Counts II and III as to Defendants Sgt. Reina, PO Frano, PO Garcia, PO Napoli, PO Raimondi, PO Morin, PO Roman, PO Terzich, PO Stuckert, PO Reyes, Jr.;
3. Count VII as to all Defendants as it relates to Counts I-III, and VI;
4. Count VII as to Defendants Sgt. Reina, PO Frano, PO Garcia, PO Napoli, PO Raimondi, PO Morin, PO Roman, PO Terzich, PO Stuckert, PO Reyes, Jr. as it relates to Counts II and III.
5. Count VIII as to Defendant Sgt. Reina;
6. Dismissing the aforementioned Defendants from this matter with prejudice as to those counts listed; and,
7. Any other relief that this Honorable Court deems just.

Respectfully submitted,

**SANCHEZ DANIELS & HOFFMAN, LLP**

By:/s/Elaine C. Davenport                     .
    Elaine C. Davenport
    One of the attorneys for **DEFENDANTS,**
    **SGT. REINA; PO RAMOS; PO FRANO;**
    **PO BONNSTETTER; PO GARCIA;**
    **PO NAPOLI; PO RAIMONDI; PO MORIN;**
    **PO ROMAN; PO TERZICH; PO STUCKERT;**
    and **PO REYES, JR**

Elaine C. Davenport--6272827
**SANCHEZ DANIELS & HOFFMAN, LLP**
**333 West Wacker Drive,**
**Suite 500**
**Chicago, Illinois 60606**
**(312) 641-1555 -- Telephone**
**(312) 641-3004 – Facsimile**